UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-60191-CR-UNGARO/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDERSON JEAN,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's pro se Motion for the Return of Property, ECF No. 20, which was referred to the undersigned for a Report and Recommendation by the Honorable Ursula Ungaro, ECF No. 25. Judge Ungaro ordered the Government to respond to Defendant's motion, ECF No. 22, which it did on March 31, 2020, and with a supplemental response filed on April 27, 2020. ECF Nos. 24, 27. No reply was filed prior to the due date. Upon careful review of the above-mentioned pleadings, as well as the entire record, the undersigned respectfully RECOMMENDS that Defendant's Motion be **DENIED**.

    **I.**    **Background**

Defendant's Motion requests return of approximately $ 5,000.00 in U.S. currency seized from him at the time of his arrest in 2015.[1] Citing Fed. R. Crim. P. 41(g), he states

---

1. While Defendant mentions that three cell phones and some paper documents were also seized, his prayer for relief focuses solely on the money: "This motion is – filed pro-se and in good faith and moves for the . . . return of property seized. Specifically, the United States currency in the amount of $ 5,064.00." ECF No. 20 at 3. Accordingly, the

that the Court has jurisdiction to order the return of the property, that he is within the six-year statute of limitations, and that the Government seized the property and thereby deprived him of its possession.

The Government acknowledges that it seized the money ($5,064.00) from Defendant during his initial arrest on March 20, 2015, for alien smuggling. Defendant was on board an interdicted vessel carrying 13 undocumented aliens and was subsequently indicted for 12 counts of encouraging or inducing an alien to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II), and with aiding and abetting the illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1327 and 18 U.S.C. § 2. *United States v. Jean,* Case No. 15-20914-Cr-UNGARO. That Indictment included forfeiture allegations. Defendant apparently was removed from the country prior to his prosecution on the alien smuggling charge, and he was transferred to fugitive status on November 30, 2015. *Id.*, ECF No. 5. The seized currency was administratively forfeited. *See* ECF No. 27, Exhibit 1. Defendant was later found in the United States on March 30, 2019 and made his initial appearance in the 2015 case on June 5, 2019. Case No. 15-20914-Cr-UNGARO, ECF No. 6. After his arrest, two new federal cases were filed. In the 2015 case, Defendant pleaded guilty to two counts of the Indictment and was sentenced to a total of 84 months imprisonment to run concurrently with the sentence imposed in this case (19-60191-Cr-UNGARO), as well as another related (reentry after deportation) case (19-60092-Cr-UNGARO).

---

undersigned treats this motion as a motion for return of the seized currency only, not the other seized items. To the extent he seeks return of the other property, the same equity analysis applies.

## II.   Discussion

Federal Rule of Criminal Procedure 41(g) authorizes a "person aggrieved by an unlawful search and seizure of property or by deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g).  Typically, Rule 41(g) provides a mechanism by which an individual may recover property that the Government has taken as evidence. *See United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011) (unpublished).  Rule 41(g), however, does not permit the recovery of property that has been forfeited to the Government. *See id.*; *United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999) (per curiam) (affirming district court's denial of pro se motion for return of property that was administratively forfeited by the Drug Enforcement Administration five years earlier).

When a motion for the return of property under Rule 41(g) is filed after a conviction, as in this case, it is treated as a civil action in equity. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005); *United States v. Connolly*, 446 F. App'x 254, 255 (11th Cir. 2011) (unpublished). "A Rule 41(g) motion is unavailable if property is seized pursuant to civil or administrative forfeiture, or if movant invokes Rule 41(g) after the close of all criminal proceedings. . . .  In these circumstances, the court treats the motion for return of property as a civil action in equity." *United States v. Cooper*, 485 F. App'x 411, 414 (11th Cir. 2012) (unpublished) (internal citations and quotation marks omitted).

Equitable jurisdiction to review forfeiture is extremely limited. *See United States v. Watkins*, 120 F.3d 254, 256 (11th Cir. 1997).  The decision to exercise equitable jurisdiction in cases like this one is "highly discretionary and must be exercised with caution and restraint." *Cooper*, 485 F. App'x at 414.  A district court should grant relief only if the movant meets two requirements.  First, the movant must demonstrate that he

3

has a possessory interest in the seized property. *See Howell*, 425 F.3d at 974–78 (defendant had no possessory interest in cash received during a controlled purchase and firearms that he would not legally be entitled to possess as a convicted felon). Second, the movant must show that he has "clean hands" with respect to that property. *See id.*; *see also United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (district court acted within its discretion in denying defendant's Rule 41(g) motion because to do otherwise would have returned the fruits of his crimes), *abrogated on other grounds*, *Bowles v. Russell*, 551 U.S. 205 (2007).

Because federal courts possess only limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Murphy v. Sec'y, U.S. Dep't of Army*, 769 F. App'x 779, 781–82 (11th Cir. 2019) (unpublished); *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005). The district court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Government has established that the $5,064.00 in U.S. currency seized from Defendant was administratively forfeited by CBP on July 13, 2015. *See* ECF No. 27, Exhibit 1 (Declaration of Administrative Forfeiture). Not only did Defendant abandon his right to challenge CBP's administrative forfeiture by not filing a claim within the mandated time period, but Defendant also knowingly and willingly agreed to the forfeiture of these funds when he pleaded guilty in the criminal case that resulted from the 2015 arrest, Case

No. 15-CR-20914-UNGARO.  As part of his guilty plea in that case, Defendant entered into a plea agreement with the Government that states, in pertinent part:

> The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, all rights, title and interest to . . . (b) any property, real or personal (1) that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such violation, and (2) that was used to facilitate or was intended to be used to facilitate, the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(6).  The defendant also agrees, in an individual and any other capacity, to forfeit any property, real or personal, which constitutes or is derived from the violation of Title 18, United States Code, Section 1327.

*United States v. Jean*, Case No. 15-CR-20914-UNGARO, ECF No. 21 at ¶ 11.

Moreover, Paragraph 12 of the agreement states:

> The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture . . . any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

*Id.* at ¶ 12.  Additionally, Defendant executed a factual proffer along with the plea agreement in which he acknowledged that "[l]aw enforcement officers found approximately $6,000 in [his] possession," and agreed that "[s]everal of the aliens . . . identified [Defendant] as the operator of the suspect vessel and said they had paid money to a smuggler in The Bahamas to be brought to the United States."  *Id.,* ECF No. 22. The forfeiture provisions and the agreed factual basis were specifically discussed with and acknowledged by Defendant during his plea colloquy.  *Id.,* ECF No. 41 at 14–15, 22–23.

Not only do the above documents and transcript establish a waiver of any right to claim the forfeited property, but Defendant's own statements and his adjudicated criminal convictions in this Court also demonstrate the absence of "clean hands."  *See Howell*,

425 F.3d at 974–78.   Like the defendant in *Howell,* "[t]he [Defendant] in the instant case has come into court with extremely 'unclean hands.' One engaged in this type of criminal conduct is hardly entitled to equitable relief."   *Id.* at 974.

In short, the money taken from Defendant upon his arrest for alien smuggling was properly seized.  All procedural requirements for criminal forfeiture were followed, and the money was administratively forfeited.   Defendant made no timely claim to the money. Defendant entered into a plea agreement whereby he renounced any claim to the property, and waived any constitutional, legal, and equitable defenses to the forfeiture. To the extent he now seeks to invoke this Court's equitable jurisdiction, he is precluded from doing so by virtue of his unclean hands.   Accordingly, Defendant has no valid legal or equitable interest in this property, and therefore has no right to its return.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).   The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 7th day of May 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:

    Honorable Ursula Ungaro,
    United States District Judge

    All counsel of record

    Defendant, Anderson Jean, pro se